■ MARY JANE PATTERSON et al., Appellants, v CORNER ROCK REALTY, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [896 NYS2d 881]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated January 30, 2009, as granted the motion of the defendants Corner Rock Realty, Inc., and Dutch's Tavern & Café for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of an order of the same court dated March 19, 2009, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 30, 2009, is dismissed, as that order was superseded by the order dated March 19, 2009, made upon reargument; and it is further,

Ordered that the order dated March 19, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendants Corner Rock Realty, Inc., and Dutch's Tavern & Café (hereinafter the defendants) established, prima facie, their entitlement to judgment as a matter of law by demonstrating that the plaintiffs were unable to identify what caused the injured plaintiff to trip and fall (see Starling v Suffolk County Water Auth., 63 AD3d 822 [2009]; Reiff v Beechwood Browns Rd. Bldg. Corp., 54 AD3d 1015 [2008]; Denicola v Costello, 44 AD3d 990 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact. Since the plaintiffs submitted the defendants' expert medical report in opposition to the defendants' motion, they waived any objection to its admissibility (see Field v Waldbaum, Inc., 35 AD3d 652, 653-654 [2006]; Raso v Statewide Auto Auction, 262 AD2d 387, 387-388 [1999]).

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.