In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated April 27, 2012, as denied that branch of his motion which was for summary judgment on the issue of liability.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff’s vehicle was involved in an accident, at the intersection of Rogers Avenue and Eastern Parkway in Brooklyn, with a truck owned by the defendant Salem Truck Leasing and operated by the defendant Forrest K. Bennett. The plaintiff commenced this action against the defendants to recover damages for personal injuries.
*917 The plaintiff moved, inter alia, for summary judgment on the issue of liability. In support of that branch of his motion, he submitted his own affidavit stating that the accident occurred as he was stopped for a red light on Eastern Parkway. He averred that the truck, operated by Bennett, which had been stopped directly in front of his vehicle, within the intersection of Eastern Parkway and Rogers Avenue, suddenly backed up into his stopped vehicle. He also stated that his vehicle had been stopped for more than five seconds and that, since there was another vehicle stopped behind his vehicle, there was nothing he could do to avoid contact with the truck driven by Bennett. The Supreme Court denied that branch of the plaintiffs motion which was for summary judgment on the issue of liability.
The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through his affidavit, which demonstrated that Bennett was negligent because he violated Vehicle and Traffic Law §§ 1202 (a) (1) (c) and 1211 (a) (see generally Vainer v DiSalvo, 79 AD3d 1023, 1023-1024 [2010]; Botero v Erraez, 289 AD2d 274 [2001]; Ferrara v Castro, 283 AD2d 392, 393 [2001]). The plaintiff also demonstrated that Bennett’s negligence was the sole proximate cause of the accident, without any comparative negligence on his part, since he had been stopped at the red light for more than five seconds before the accident occurred (see generally Vainer v DiSalvo, 79 AD3d at 1024).
In opposition, the defendants raised a triable issue of fact through the affidavit of Bennett, who averred that he was stopped on Rogers Avenue, within its intersection with Eastern Parkway, because of an accident between the vehicles in front of him. He further averred that the plaintiffs vehicle attempted to go around the truck he was operating, which caused the contact between their two vehicles (see generally Abbott v Picture Cars E., Inc., 78 AD3d 869, 870 [2010]).
Contrary to the plaintiff’s contention, the Supreme Court properly considered Bennett’s affidavit even though it was signed and notarized in South Carolina and was not accompanied by a certification in accordance with CPLR 2309 (c). This defect was not fatal, as the plaintiff was not prejudiced thereby (see CPLR 2001; Rivers v Birnbaum, 102 AD3d 26, 44 [2012]; Matter of Recovery of Judgment, LLC v Warren, 91 AD3d 656, 657 [2012]; Betz v Daniel Conti, Inc., 69 AD3d 545 [2010]). Moreover, Bennett’s affidavit was notarized in compliance with section 26-1-60 of the Code of Laws of South Carolina (see Carroll v Cash Mills, 125 SC 332, 118 SE 290 [1923]).
*918 The plaintiffs remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the plaintiffs motion which was for summary judgment on the issue of liability.
Dillon, J.E, Balkin, Austin and Sgroi, JJ., concur.