■ BERNADETTE GREEN, Appellant, v QUINCY AMUSEMENTS, INC., Respondent, et al., Defendant. [969 NYS2d 489]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered November 10, 2011, which granted the motion of the defendant Quincy Amusements, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and denied her cross motion for leave to supplement her bill of particulars to allege that the circumstantial evidence permits an inference of the defendants' negligence under the doctrine of res ipsa loquitur, and (2) a judgment of the same court entered November 22, 2011, which, upon the order, is in favor of the defendant Quincy Amusements, Inc., and against her, dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the defendant Quincy Amusements, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied, the plaintiff's cross motion for leave to supplement her bill of particulars to allege that the circumstantial evidence permits an inference of the defendants' negligence under the doctrine of res ipsa loquitur is granted, and the order entered November 10, 2011, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff allegedly sustained personal injuries inside a movie theater operated by the defendant Quincy Amusements, Inc. (hereinafter Quincy), due to a dislodged cup holder and armrest piece. In a premises liability case, the defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (*see Minor v 1265 Morrison, LLC*, 96 AD3d 1024 [2012]; *Alexander v New York City Hous. Auth.*, 89 AD3d 969, 969-970 [2011]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598 [2008]). In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (*see Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903 [2012]; *Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920, 921 [2005]). Moreover, the court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574 [2004]).

Applying these rules to the facts of this case, Quincy failed to establish, as a matter of law, that it did not create or have actual or constructive notice of the allegedly defective condition that allegedly caused the plaintiff to be injured (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598-599). A triable issue of fact exists as to when the subject cup holder and armrest piece was last inspected and whether the alleged defective condition of the armrest existed for a sufficient length of time prior

to the incident to permit Quincy to remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Accordingly, Quincy's motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied.

The Supreme Court also should have granted the plaintiff's cross motion for leave to supplement her bill of particulars to allege that the circumstantial evidence permits an inference of the defendants' negligence under the doctrine of res ipsa loquitur. Since the doctrine of res ipsa loquitur merely permits an inference arising from the evidence in a negligence case, and since a plaintiff's failure to plead res ipsa loquitur does not foreclose its application on summary judgment or at trial, if warranted by the evidence, the defendants are not prejudiced by the granting of the cross motion (*see Wicks v Leemilt's Petroleum, Inc.*, 103 AD3d 793, 795 [2013]). Eng, P.J., Dickerson, Hall and Lott, JJ., concur.