KARNAIL SINGH, Appellant, v DUANE PARK THOMAS, JR., et al., Respondents. [978 NYS2d 865]—

The plaintiff's vehicle was involved in an accident at the intersection of Queens Boulevard and Skillman Avenue in Queens, when it came into contact with a tractor-trailer owned by the defendant Laubscher Cheese Co., Inc., and operated by the defendant Duane Park Thomas, Jr. The plaintiff commenced this action against the defendants to recover damages for personal injuries.

The plaintiff moved for summary judgment on the issue of liability. In support of his motion, he submitted his own affidavit, in which he stated that the accident occurred as he was traveling in the right lane of Queens Boulevard. He averred that the tractor-trailer, operated by Thomas, which had been traveling in the lane to his left, suddenly turned right into the plaintiff's lane of travel without warning or signaling and without sufficient time for the plaintiff to avoid the collision. The Supreme Court denied the plaintiff's motion.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through his affidavit, which demonstrated that Thomas was negligent because he violated Vehicle and Traffic Law §§ 1128 (a) and 1163, and that the plaintiff was free from comparative fault (*see Qi Sheng Lu v World Wide Travel of Greater N.Y., Ltd.*, 111 AD3d 690 [2013]; *Matos v Salem Truck Leasing*, 105 AD3d 916 [2013]; *Meng Wai Wang v Dailly News, L.P.*, 90 AD3d 624 [2011]; *Vainer v DiSalvo*, 79 AD3d 1023 [2010]).

In opposition, however, the defendants raised a triable issue of fact as to whether the plaintiff was trying to pass the tractor-trailer on the right side, and whether he contributed to the happening of the accident (*see* Vehicle and Traffic Law § 1123 [b]; *Matos v Salem Truck Leasing*, 105 AD3d at 917; *Francis v J.R. Bros. Corp.*, 98 AD3d 940 [2012]; *Karash v Adetunji*, 56 AD3d 726 [2008]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.