In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (McDonald, J), entered April 30, 2013, which granted the plaintiffs motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
The plaintiff allegedly was injured while riding a motorized bicycle in Astoria, Queens, when the bicycle came into contact with a truck owned by the defendant USA Trucking, Inc., and operated by the defendant Julian Velez. The plaintiff alleges that both vehicles were waiting at a red traffic light prior to the collision, with the truck to the left of the bicycle. Velez testified at his deposition that it was raining and that he was stopped at the red light for approximately one minute waiting for it to turn to green, and had employed his right-turn signal before he had reached the intersection. The plaintiff testified at his deposition that he had been stopped for only approximately 30-40 seconds at the same traffic light. When the light turned to green, the plaintiff proceeded straight ahead through the intersection while Velez attempted to make a right turn, colliding with the plaintiff. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiffs motion.
In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (see Bravo v Vargas, 113 AD3d 579 [2014]; Green v Quincy Amusements, Inc., 108 AD3d 591, 592 [2013]; Stukas v Streiter, 83 AD3d 18 [2011]). “The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist” (Kolivas v Kirchoff, 14 AD3d 493, 493 [2005]; see Guadalupe v New York City Tr. Auth., 91 AD3d 716 [2012]).
To establish prima facie entitlement to judgment as a matter *736 of law on the issue of liability, a plaintiff must demonstrate that the defendant was negligent and that the plaintiff was free of comparative fault (see Singh v Thomas, 113 AD3d 748 [2014]). In support of his motion, the plaintiff submitted, among other things, the transcript of his deposition, at which, although the plaintiff testified that he did not see Velez’s turn signal on, he also admitted that, during the 30-40 seconds he was waiting for the light to turn, his head was focused toward the traffic light only. Therefore, the plaintiff failed to eliminate a triable issue of fact as to whether or not Velez had employed his turn signal well before reaching the intersection and whether Velez reached the intersection well before the plaintiff, thereby putting the plaintiff on notice that Velez, who was operating a truck, intended to turn right (see Vehicle and Traffic Law § 1146; Palma v Sherman, 55 AD3d 891, 891 [2008]). Accordingly, the Supreme Court should have denied the plaintiff’s motion for summary judgment on the issue of liability, without regard to the sufficiency of the defendants’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Skelos, J.E, Lott, Roman and Cohen, JJ., concur. [Prior Case History: 2013 NY Slip Op 30940(U).]