In an action to recover damages for personal injures, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated February 8, 2013 which denied her motion for summary judgment on the issue of liability.
Ordered that the order is affirmed, with costs.
On September 27, 2011, the plaintiff allegedly was injured when her motor vehicle was struck by a motor vehicle owned by the defendant New York City Transit Authority (hereinafter NYCTA) and operated by the defendant William Nolie. The plaintiff moved for summary judgment on the issue of liability prior to a preliminary conference or the exchange of any discovery. In support of her motion, the plaintiff submitted an affidavit stating that the vehicle operated by Nolie “suddenly” and “without any prior indication” changed lanes and struck her vehicle. In opposition, the defendants submitted an affirmation from their attorney arguing that the plaintiffs motion for summary judgment was premature because discovery had not been exchanged. The defendants also annexed an unsworn and uncertified police report that included a description of the ac *668 cident. The plaintiff submitted reply papers. The parties appeared in the Supreme Court on January 11, 2013, the return date of the motion, at which time the court granted the defendants’ application for an adjournment to review the plaintiff’s reply papers. The motion was adjourned to February 8, 2013.
The defendants then submitted a document entitled “affirmation in further opposition” dated January 28, 2013, which was actually a surreply. Annexed to the surreply was an affidavit from Nolie contradicting the plaintiffs account of the accident. Nolie averred that the accident occurred because the vehicle traveling on his right did not yield in accordance with a yield sign. In opposition to the defendants’ surreply, the plaintiff argued that a surreply was procedurally improper, but she failed to address the substance of Nolie’s affidavit. The Supreme Court denied the plaintiffs motion for summary judgment on the issue of liability, determining that the motion was premature. We affirm the order appealed from, albeit on grounds different from those articulated by the Supreme Court.
While it is true that unauthorized surreplies containing new arguments generally should not be considered by the court (see McMullin v Walker, 68 AD3d 943, 944 [2009]; Boockvor v Fischer, 56 AD3d 405, 406 [2008]; Flores v Stankiewicz, 35 AD3d 804, 805 [2006]; Mu Ying Zhu v Zhi Rong Lin, 1 AD3d 416, 417 [2003]; Severino v Classic Collision, 280 AD2d 463 [2001]), the procedural history in this case is analogous to circumstances in which arguments are raised for the first time in reply. Arguments raised for the first time in reply may be considered if the original movant is given the opportunity to respond and submits papers in surreply (see Hanscom v Goldman, 109 AD3d 964 [2013]; Sally v Keyspan Energy Corp., 106 AD3d 894, 896 [2013]; Valure v Century 21 Grand, 35 AD3d 591 [2006]; Hoffman v Kessler, 28 AD3d 718, 719 [2006]; cf St. John’s Univ. v Butler Rogers Baskett Architects, P.C., 105 AD3d 728, 728-729 [2013]). Here, while the motion was fully briefed by its return date, the court granted the defendants’ application for an adjournment to February 8, 2013, in order to respond to the plaintiff’s reply. The defendants submitted the surreply containing the Nolie affidavit dated January 28, 2013, and the plaintiff responded to it on February 7, 2013. In addition, oral argument was held on February 8, 2013. Consequently, the plaintiff had adequate opportunity to address the new arguments raised in the defendants’ surreply, and the Supreme Court properly considered it.
The plaintiff alleges that the defendants violated Vehicle and Traffic Law § 1128 (a), which states that “[a] vehicle shall be driven as nearly as practicable entirely within a single lane and *669 shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety” (Vehicle and Traffic Law§ 1128 [a]). “A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law” (Vainer v DiSalvo, 79 AD3d 1023, 1024 [2010]; see Botero v Erraez, 289 AD2d 274 [2001]). Here, the plaintiffs affidavit in support of her motion, stating that the vehicle operated by Nolie changed lanes without warning, demonstrated her prima facie entitlement to judgment as a matter of law (see Singh v Thomas, 113 AD3d 748 [2014]; Qi Sheng Lu v World Wide Travel of Greater N.Y., Ltd., 111 AD3d 690 [2013]). However, in opposition, in their properly considered surreply, the defendants raised a triable issue of fact as to how the accident occurred by submitting Nolie’s affidavit, which directly contradicted the plaintiffs account of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Singh v Thomas, 113 AD3d 748 [2014]; Matos v Salem Truck Leasing, 105 AD3d 916, 917 [2013]).
Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment on the issue of liability.
Dillon, J.E, Leventhal, Sgroi and Maltese, JJ., concur.