■ Rosa A. Valentin, Appellant, v Carmen E. Parisio et al., Respondents. [989 NYS2d 621]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated October 12, 2012, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On April 19, 2011, at approximately 5:30 p.m., the plaintiff's vehicle and a tractor-trailer owned by the defendant Gold Coast Freightways, Inc., and driven by the defendant Carmen E. Parisio, were involved in a collision. The collision occurred shortly after Parisio came off the exit ramp from the Van Wyck Expressway and merged onto the Expressway's southbound service road, where the plaintiff was driving in the middle lane. According to the plaintiff and a nonparty eyewitness, Parisio drove the tractor-trailer straight through the far left lane, crossing into the middle lane, and hitting the plaintiff's car with its tires. According to the defendants, Parisio remained in the far left lane at all times, stopped at the traffic light at the intersection with Linden Boulevard and, when the light turned green, had moved forward about five feet into the intersection when he felt a bump, which was the plaintiff's vehicle colliding with his, after her vehicle crossed into the far left lane.

In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (*see Escobar v Velez*, 116 AD3d 735 [2014]; *Bravo v Vargas*, 113 AD3d 579, 582 [2014]; *Green v Quincy Amusements, Inc.*, 108 AD3d 591, 592 [2013]). To establish prima facie entitlement to judgment as a matter of law on the issue of liability, a plaintiff must demonstrate that the defendant was negligent and that the plaintiff was free of comparative fault (*see Escobar v Velez*, 116 AD3d at 735-736; *Singh v Thomas*, 113 AD3d 748 [2014]). In support of her motion for summary judgment on the issue of liability, the plaintiff submitted, among other things, the transcript of Parisio's deposition, in which he stated that he remained in the far left traffic lane at all times prior to the collision, and that he felt the bump of the plaintiff's vehicle when it crossed over into his lane. Therefore, viewing the evidence in the light most favorable to the nonmovant defendants (*see Escobar v Velez*, 116 AD3d at 735; *Bravo v Vargas*, 113 AD3d at 582; *Green v Quincy Amusements, Inc.*, 108 AD3d at 592), the Supreme Court properly concluded that the plaintiff failed to eliminate a triable issue of fact as to how the accident occurred and who was at fault.

Contrary to the plaintiff's assertions, Parisio's testimony was not internally inconsistent on the material facts, was not inconsistent with his previously prepared accident report, and did not constitute an attempt to create a feigned issue of fact (*see Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064 [2011]; *Kievman v Philip*, 84 AD3d 1031, 1033 [2011]; *Imamkhodjaev v Kartvelishvili*, 44 AD3d 619, 620-621 [2007]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.