SECOND DEPARTMENT, JANUARY, 2015

(January 14, 2015)

MICHAEL ADAMS, an Infant, by His Father and Natural Guardian, JAMES ADAMS, et al., Appellants, v MICHAEL BRUNO et al., Respondents. [1 NYS3d 280]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Loehr, J.), dated July 25, 2013, which denied their motion for summary judgment on the issue of liability and, upon searching the record, awarded summary judgment to the defendant dismissing the second cause of action.

Ordered that the order is affirmed, with costs.

This personal injury action arises from an incident which occurred when the plaintiff Michael Adams (hereinafter the infant plaintiff) was 17 years old and the defendant Michael Bruno was 18 years old. The plaintiffs allege that the infant plaintiff sustained physical injuries when he was thrown from the hood of a moving vehicle operated by Bruno in a high school parking lot. After discovery, the plaintiffs moved for summary judgment on the issue of liability, and the Supreme Court denied the motion.

In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (*see Valentin v Parisio*, 119 AD3d 854 [2014]; *Escobar v Velez*, 116 AD3d 735 [2014]; *Bravo v Vargas*, 113 AD3d 579, 582 [2014]; *Green v Quincy Amusements, Inc.*, 108 AD3d 591, 592 [2013]). Since there can be more than one proximate cause of an accident (*see Sirlin v Schreib*, 117 AD3d 819 [2014]; *Haberman v Burke*, 116 AD3d 921 [2014]; *Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]), a plaintiff moving for summary judgment on the issue of liability in an action alleging negligence must establish, prima facie, not only that the defendant was negligent but that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Valentin v Parisio*, 119 AD3d 854, 854 [2014]; *Freeman v Tawil*, 119 AD3d 521 [2014]; *Sirlin v Schreib*, 117 AD3d at 819). The issue of comparative fault is generally a question for the jury to decide (*see Rodriguez v Klein*, 116 AD3d 939 [2014]; *Regans v Baratta*, 106 AD3d 893 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620 [2013]).

In support of their motion, the plaintiffs submitted exhibits including the transcripts of the deposition testimony of the infant plaintiff and Bruno. Based on those submissions, particularly the infant plaintiff's testimony as to how the accident occurred, it cannot be said as a matter of law that the infant plaintiff exercised reasonable care. Whether his actions in jumping on the hood of the defendants' stopped, but running, car constituted comparative fault is a question of fact. Therefore, the plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter of law on the issue of liability, because they failed to establish the infant plaintiff's freedom from comparative fault. Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiffs' remaining contentions are without merit. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.