■ JORGE DERIEUX, Appellant, v APOLLO NEW YORK CITY AMBULETTE, INC., et al., Respondents. [14 NYS3d 712]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), dated June 2, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly was injured when a vehicle in which he was a passenger, owned by the defendant Franklin Mejia and operated by the defendant Fernando Paredes Paca (hereinafter the Paca vehicle), collided with a vehicle owned by the defendant Apollo New York City Ambulette, Inc., and operated by the defendant Richard Flowers (hereinafter the Flowers vehicle). The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendants were negligent in the operation of their respective motor vehicles and that he was free from comparative fault. Shortly after joinder of issue, before any of the parties had been deposed, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.

To prevail on a motion for summary judgment on the issue of liability, a plaintiff is required to submit evidence in admissible form establishing, prima facie, that the defendant was negligent and that the plaintiff was free from comparative

fault (*see Ruggiero v Lentini*, 123 AD3d 998 [2014]; *Valentin v Parisio*, 119 AD3d 854 [2014]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]). Here, in support of his motion, the plaintiff submitted his attorney's affirmation, a copy of the pleadings, and his own affidavit, which consisted of a single paragraph containing a conclusory description of the accident. The Supreme Court properly determined that the plaintiff's submissions did not establish his prima facie entitlement to judgment as a matter of law on the issue of liability, since his affidavit did not sufficiently demonstrate how the accident occurred and failed to eliminate triable issues as to which party or parties were at fault in the happening of the accident (*see Valentin v Parisio*, 119 AD3d at 855; *Wilson v Wei Cheng*, 98 AD3d 971, 971-972 [2012]; *cf. Gallo v Jairath*, 122 AD3d 795, 797 [2014]; *Medina v Rodriguez*, 92 AD3d 850, 850-851 [2012]). Since the plaintiff failed to meet his initial burden, the Supreme Court properly denied the motion, without regard to the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.