■ ABDUL QAYYUM QURESHI, Appellant, v BRINKS, INC., et al., Respondents. [19 NYS3d 181]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered January 8, 2015, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he sustained personal injuries when a vehicle he was operating collided with a vehicle owned by the defendant Brinks, Inc., and operated by the defendant Gregory Mann, as both vehicles were traveling southbound on Second Avenue in Manhattan. The plaintiff alleges that the defendants' vehicle, which was initially traveling in the lane immediately to the left of the plaintiff's lane, crossed over into the plaintiff's lane, without any warning or signal, and struck the driver's side of the plaintiff's vehicle. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court denied the motion.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through his affidavit, which demonstrated that Mann was negligent because he violated Vehicle and Traffic Law §§ 1128 (a) and 1163, and that the plaintiff was free from comparative fault in the happening of the accident (see Singh v Thomas, 113 AD3d 748, 748 [2014]; Qi Sheng Lu v World Wide Travel of Greater N.Y., Ltd., 111 AD3d 690 [2013]; Matos v Salem Truck Leasing, 105 AD3d 916 [2013]).

In opposition, the defendants raised a triable issue of fact as to whether the plaintiff was trying to pass their vehicle on the right side and whether he contributed to the happening of the accident (see Vehicle and Traffic Law § 1123 [b]; Singh v Thomas, 113 AD3d at 749; Matos v Salem Truck Leasing, 105 AD3d at 917; Karash v Adetunji, 56 AD3d 726 [2008]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.