■ ALON KADASHEV, Appellant, v WILSON MEDINA, Respondent. [19 NYS3d 898]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated August 12, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he sustained personal injuries when a vehicle he was operating came into contact with the defendant's vehicle, while traveling northbound on the FDR Drive in New York near its exit to East Houston Street. The plaintiff alleges that the defendant's vehicle, which was traveling to the left of the plaintiff's vehicle, crossed over into the plaintiff's lane and struck the driver's side of the plaintiff's vehicle. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the plaintiff's motion. We affirm.

The plaintiff failed to established his prima facie entitlement to judgment as a matter of law on the issue of liability. In support of his motion, the plaintiff submitted his own affidavit, in which he alleged, inter alia, that the defendant was negligent because he violated Vehicle and Traffic Law § 1128 (a), and that the plaintiff could not avoid the collision. However, the plaintiff also submitted an uncertified copy of the police accident report, and in doing so waived any objection to its admis-

sibility (*see Patterson v Corner Rock Realty, Inc.*, 71 AD3d 969 [2010]; *Field v Waldbaum, Inc.*, 35 AD3d 652, 653-654 [2006]; *Raso v Statewide Auto Auction*, 262 AD2d 387, 388 [1999]). The police accident report contained a statement by the defendant, in effect, that the plaintiff sped up to prevent the defendant from merging into the lane in which the plaintiff was traveling and, thus, contributed to the accident (*see* Vehicle and Traffic Law § 1123 [b]; *Singh v Thomas*, 113 AD3d 748, 749 [2014]; *Matos v Salem Truck Leasing*, 105 AD3d 916, 917 [2013]; *Karash v Adetunji*, 56 AD3d 726 [2008]). By failing to eliminate all triable issues of fact, the plaintiff did not meet his prima facie burden.

The parties' remaining contentions need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability without regard to the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.