■ WEI-HONG ZHOU, Respondent, v "JOHN DOE" et al., Defendants, and HOP HING PRODUCES, INC., Appellant. [24 NYS3d 726]—

In an action to recover damages for personal injuries, the defendant Hop Hing Produces, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated October 27, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Hop Hing Produces, Inc., is denied.

The plaintiff allegedly was injured when he was struck in the leg by a forklift that was being driven by an employee of the defendant Hop Hing Produces, Inc. (hereinafter Hop Hing). The plaintiff subsequently commenced this action against, among others, Hop Hing to recover damages for personal injuries. In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Hop Hing, and Hop Hing appeals from that portion of the order.

"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty constituted a proximate cause of the injury" (*Roberson v Wyckoff Hgts. Med. Ctr.*, 123 AD3d 791, 792 [2014]; *see Turcotte v Fell*, 68 NY2d 432, 437 [1986]). A plaintiff moving for summary judgment on a negligence cause of action has the burden of establishing, prima facie, not only that the defendant was negligent but that the plaintiff was free from comparative fault in the happening of the accident (*see Adams v Bruno*, 124 AD3d 566, 567 [2015]; *Valentin v Parisio*, 119 AD3d 854, 855 [2014]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]). Here, viewing the evidence in the light most favorable to Hop Hing as the nonmoving party, the plaintiff failed to establish, prima facie, that the alleged negligence of the forklift operator was the sole proximate cause of the accident and that he was free from comparative fault (*see generally Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Lanigan v Timmes*, 111 AD3d 797, 798 [2013]; *cf. Becci v Worldwide Flight Servs., Inc.*, 88 AD3d 932 [2011]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, the burden never shifted to Hop Hing to raise a triable issue of fact. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Hop Hing.

To the extent that Hop Hing's brief purports also to be submitted on behalf of the defendant Southeast Produce Sales, Inc., we note that Southeast Produce Sales, Inc., is not an appellant, as no notice of appeal was filed on its behalf. Chambers, J.P., Hall, Austin and Barros, JJ., concur.