Fortune v Raritan Bldg. Servs. Corp. (2019 NY Slip Op 06067)





Fortune v Raritan Bldg. Servs. Corp.


2019 NY Slip Op 06067


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2018-03810
 (Index No. 10664/14)

[*1]Dianne Fortune, appellant, 
v
Raritan Building Services Corporation, respondent.


Roger V. Archibald PLLC, Brooklyn, NY, for appellant.
Fishman McIntyre Berkeley Levine Samansky P.C., New York, NY (Mitchell B. Levine and Peter J. Murano of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Bailey-Schiffman, J.), dated February 15, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On November 28, 2011, the plaintiff allegedly slipped and fell on the floor in a grocery store, where she was employed at the time. The plaintiff commenced this personal injury action against the defendant, a contractor hired by nonparty Whole Foods Market (hereinafter Whole Foods) to clean various Whole Foods stores, including the store where the subject accident occurred. After joinder of issue and discovery, the defendant moved for summary judgment dismissing the complaint on the ground, among others, that the plaintiff was unable to identify the cause of her fall. The Supreme Court granted the motion, and the plaintiff appeals.
Viewing the evidence in the light most favorable to the plaintiff as the nonmovant (see Bravo v Vargas, 113 AD3d 579; Green v Quincy Amusements, Inc., 108 AD3d 591, 592; Stukas v Streiter, 83 AD3d 18), the evidence relied upon by the defendant in support of its motion, which included a transcript of the plaintiff's deposition, established the defendant's prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff was unable to identify the cause of her fall (see Pankratov v 2935 OP, LLC, 160 AD3d 757, 757; Gani v Avenue R Sephardic Congregation, 159 AD3d 873; Priola v Herrill Bowling Corp., 150 AD3d 1163, 1164; Califano v Maple Lanes, 91 AD3d 896, 897-898). In opposition, the plaintiff failed to raise a triable issue of fact in this regard (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court