**Reid v Approved Transp. Servs. Inc.**

2022 NY Slip Op 34845(U)

August 11, 2022

Supreme Court, Kings County

Docket Number: Index No. 524888/2018

Judge: Carl J. Landicino

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 81 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 11th day of August 2022.

PRESENT:

HON. CARL J. LANDICINO,
                                    Justice.
------------------------------------------------------------X
NICKOLA A. REID,                                          Index No.: 524888/2018

                    Plaintiff,

          -against-                                         DECISION AND ORDER

APPROVED TRANSPORTATION SERVICES INC.
and ALICIA N. JAMES,                                        Motion Sequence #2

                    Defendant.
------------------------------------------------------------X

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:

|  | Papers Numbered |
|---|---|
| Notice of Motion/Cross Motion and | |
| Affidavits (Affirmations) Annexed ................................................ | 26-34, |
| Opposing Affidavits (Affirmations)............................................... | 46 |
| Reply Affidavits (Affirmations) ..................................................... | |

After a review of the papers and oral argument, the Court finds as follows:

The instant action relates to a claim for personal injuries arising from a motor vehicle collision that allegedly occurred on May 2, 2018. Plaintiff Nikola A. Reid (hereinafter the "Plaintiff") alleges that she was injured when the vehicle she owned and operated was struck in the rear by a vehicle owned by Defendant Approved Transportation Services, Inc. and operated by Defendant Alicia N. James (hereinafter the "Defendants"). The incident allegedly occurred on the Jackie Robinson Parkway as the Plaintiff was stopped and waiting to merge onto the Grand Central Parkway, in Queens, New York.

1

The Plaintiff now moves (motions sequence #2) for an order pursuant to CPLR 3212 granting her summary judgment on the issue of liability and dismissing the Defendants' affirmative defense of comparative negligence. The Plaintiff contends that summary judgment should be granted because Defendants' vehicle was negligent and the sole proximate cause of the collision. Specifically, the Plaintiff contends that summary judgment should be granted given that there is *prima facie* evidence that the Plaintiff's vehicle was stopped and the Defendants' vehicle failed to maintain a safe distance between the two vehicles and hit Plaintiff's vehicle in the rear. The Plaintiff argues that this constitutes negligence on the part of Defendant driver James and is the sole proximate cause of the accident. In support of her application, the Plaintiff relies on her own deposition and a certified Police Accident Report.

The Defendants oppose the motion and contend that there are issues of fact that should prevent this Court from granting the motion. Specifically, the Defendants argue that there is an issue of fact as to the Defendants' liability, if any, for the subject accident. The Defendants also contend that Defendants' affirmative defenses relating to Plaintiff's comparative fault for the occurrence of this accident must not be dismissed.

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it "should only be employed when there is no doubt as to the absence of triable issues of material fact." *Kolivas v. Kirchoff*, 14 AD3d 493 [2d Dept 2005], citing *Andre v. Pomeroy*, 35 NY2d 361, 364, 362 N.Y.S.2d 1341, 320 N.E.2d 853[1974]. The proponent for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. See *Sheppard-Mobley v. King*, 10 AD3d 70, 74 [2d Dept 2004], citing *Alvarez v. Prospect Hospital*, 68 NY2d 320, 324, 508 N.Y.S.2d 923, 501 N..E.2d 572 [1986], *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853, 487 N.Y.S.2d 316, 476 N.E.2d 642 [1985]. "In determining a motion for summary judgment, evidence must be viewed in the light most favorable to

2

[* 2]

the nonmoving party, and all reasonable inference must be resolved in favor of the nonmoving party." *Adams v. Bruno*, 124 AD3d 566, 566, 1 N.Y.S.3d 280, 281 [2d Dept 2015] citing *Valentin v. Parisio*, 119 AD3d 854, 989 N.Y.S.2d 621 [2d Dept 2014]; *Escobar v. Velez*, 116 AD3d 735, 983 N.Y.S.2d 612 [2d Dept 2014].

Once a moving party has made a *prima facie* showing of its entitlement to summary judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" *Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]. Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers. *See Demshick v. Cmty. Hous. Mgmt. Corp.*, 34 AD3d 518, 520, 824 N.Y.S.2d 166, 168 [2d Dept 2006]; *see Menzel v. Plotnick*, 202 AD2d 558, 558–559, 610 N.Y.S.2d 50 [2d Dept 1994]. However, "[a] plaintiff is no longer required to show freedom from comparative fault in establishing his or her *prima facie* case..." if they can show "...that the defendant's negligence was a proximate cause of the alleged injuries." *Tsyganash v. Auto Mall Fleet Mgmt., Inc.*, 163 AD3d 1033, 1034, 83 N.Y.S.3d 74, 75 [2d Dept 2018]; *Rodriguez v. City of New York*, 31 N.Y.3d 312, 320, 101 N.E.3d 366, 371 [2018].

Turning to the merits of the instant motion, the Court finds that sufficient evidence has been presented by the Plaintiff to establish, *prima facie*, that the Defendant driver was negligent and the sole proximate cause of the accident as a matter of law. In support of her application, the Plaintiff relies primarily on the Plaintiff's deposition and a certified Police Accident Report. In so far as the Police Report is certified, the Defendant driver's admission that she collided with the rear of the Plaintiff's vehicle is admissible. *See Yassin v. Blackman*, 188 AD3d 62, 64, 131 N.Y.S.3d 53, 55 [2d Dept 2020]. The Police Accident Report states "[d]river of vehicle two [Defendants' vehicle] states she thought vehicle one merge [sic] and rear ended vehicle one." (See Plaintiff's Motion, Exhibit 4). During her deposition, when asked

3

[* 3]

where she was when the accident occurred, the Plaintiff stated "I was just there waiting, waiting to merge onto the Grand Central." When asked to describe the impact, the Plaintiff stated that it was "heavy enough to push me forward." When asked where she felt the impact, she stated "[f]rom the back." (See Plaintiff's Motion, Exhibit 5, Pages 29-31). This testimony is sufficient to establish a *prima facie* showing. *See Martinez v. Allen*, 163 AD3d 951, 82 N.Y.S.3d 130 [2d Dept 2018]. This is because "[a] rear-end collision with a stopped or stopping vehicle creates a *prima facie* case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision." *Klopchin v. Masri*, 45 AD3d 737, 737, 846 N.Y.S.2d 311, 311 [2d Dept 2007].

In opposition to the motion, the Defendants have failed to raise a material issue of fact that would prevent this Court from granting Plaintiff's Summary Judgment motion on the issue of liability and dismissing the Defendants' 1st affirmative defense of culpable conduct on the part of the Plaintiff. *See Sapienza v. Harrison*, 191 AD3d 1028, 142 N.Y.S.3d 584, 588 [2d Dept 2021]; *Kwok King Ng v. West*, 195 AD3d 1006, 146 N.Y.S.3d 811, 812 [2d Dept 2021].

Based on the foregoing, it is hereby ORDERED as follows:

The Plaintiff's motion (motion sequence #1) for summary judgment on the issue of liability is granted and Defendants' 1st affirmative defense is dismissed in that the Defendant driver was negligent and the sole proximate cause of the accident. The matter will proceed on the issue of damages.

The foregoing constitutes the Decision and Order of the Court.

ENTER:

Carl J. Landicino, J.S.C.

4

[*4]