Acevedo v CKF Produce Corp. (2023 NY Slip Op 02633)

Acevedo v CKF Produce Corp.

2023 NY Slip Op 02633

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-08760
 (Index No. 505888/18)

[*1]Rafael Acevedo, respondent,
v
CKF Produce Corp., appellant, et al., defendant.

McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Deirdre Egan of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant CKF Produce Corp. appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated October 14, 2021. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court dated July 14, 2021, granting the plaintiff's motion for summary judgment on the issue of liability against the defendant CKF Produce Corp. and dismissing that defendant's affirmative defense alleging comparative negligence.
ORDERED that the order dated October 14, 2021, is modified, on the law, by deleting the provision thereof, upon renewal, adhering to so much of the determination in the order dated July 14, 2021, as granted that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence of the defendant CKF Produce Corp., and substituting therefor a provision, upon renewal, vacating that portion of the determination in the order dated July 14, 2021, and thereupon denying that branch of the motion; as so modified, the order dated October 14, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly sustained personal injuries when he was struck by a forklift in a roadway within the Brooklyn Terminal Market. The plaintiff commenced this personal injury action against the forklift operator and CKF Produce Corp. (hereinafter CKF). The plaintiff moved for summary judgment on the issue of liability against the defendant CKF and dismissing CKF's affirmative defense alleging comparative negligence. By order dated July 14, 2021, the Supreme Court granted the plaintiff's motion. CKF moved, inter alia, for leave to renew its opposition to the plaintiff's motion. In support of its motion, CKF submitted, among other things, an affidavit of the forklift operator. By order dated October 14, 2021, the court, inter alia, granted leave to renew, and upon renewal, adhered to its prior determination. CKF appeals.
Upon renewal, the Supreme Court properly adhered to so much of its prior determination in the order dated July 14, 2021, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against CKF. "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the [*2]burden of establishing the absence of his or her own comparative negligence" (Maliakel v Morio, 185 AD3d 1018, 1019; see Rodriguez v City of New York, 31 NY3d 312, 324-325). The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through deposition testimony that he was struck in the back by CKF's forklift as it was being operated by a CKF employee, thereby shifting the burden to CKF to produce sufficient evidentiary proof in admissible form to show the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Lopez v WS Distrib., Inc., 34 AD3d 759, 760). In opposition, CKF failed to raise a triable issue of fact. The affidavit of the forklift operator failed to sufficiently set forth why he could not bring the forklift, which was moving forward, to a stop in time to avoid striking the plaintiff (see generally Auguste v Jeter, 167 AD3d 560, 560-561).
However, the Supreme Court erred, upon renewal, in adhering to so much of the determination in the order dated July 14, 2021, as granted that branch of the plaintiff's motion which was for summary judgment dismissing CKF's affirmative defense alleging comparative negligence. "Although a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff seeks summary judgment dismissing an affirmative defense alleging comparative negligence" (Maliakel v Morio, 185 AD3d at 1019). The plaintiff, who never saw the forklift prior to the accident, failed to establish, prima facie, that he exercised due care prior to the accident (see Wei-Hong Zhou v Doe, 136 AD3d 807, 808; cf. Becci v Worldwide Flight Servs., Inc., 88 AD3d 932). The plaintiff's submissions did not eliminate all triable issues of fact regarding whether he was at fault in the happening of the accident by failing to keep a proper lookout when he stepped down into the roadway from a pedestrian walkway and as he was walking in the roadway while carrying a box of fruit on his shoulder (see Wei-Hong Zhou v Doe, 136 AD3d at 808).
DILLON, J.P., CHAMBERS, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court