Prendergast v New York City Tr. Auth. (2023 NY Slip Op 05378)

Prendergast v New York City Tr. Auth.

2023 NY Slip Op 05378

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Index No. 150778/20 Appeal No. 897 Case No. 2022-05826 

[*1]James Prendergast, Plaintiff-Respondent,
v
The New York City Transit Authority et al., Defendants-Appellants.

Anna J. Ervolina, New York City Transit Authority, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
The Oshman Mirisola Law Group, PLLC, New York (David L. Kremen of counsel), for respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered December 19, 2022, which granted plaintiff's motion for partial summary judgment on the issue of liability and dismissed the affirmative defense regarding plaintiff's comparative fault, unanimously modified, on the facts, the affirmative defense reinstated, and otherwise affirmed, without costs.
Plaintiff was injured when he was struck by the wheelchair ramp of a bus. That bus was owned by defendants and operated by an employee of defendants. The bus operator testified that he deployed the ramp and saw it hit plaintiff. He testified that he gave warnings in a loud voice before lowering the ramp, which made a "very loud" beeping noise that was "excruciating."
Plaintiff met his prima facie burden by submitting evidence, including his deposition testimony, that the operator was negligent in lowering the ramp onto the sidewalk when it was not reasonably safe to do so (see Rincon v Renaud, 186 AD3d 1551 [2d Dept 2020]). In opposition, defendants did not offer any nonnegligent explanation for the accident (see Acevedo v CKF Produce Corp., 216 AD3d 885, 886 [2d Dept 2023]). This accident was not within plaintiff's exclusive knowledge, because it occurred in the presence of a potential witness, namely the operator (compare Pabon v 940 S. Blvd., LLC, 181 AD3d 547 [1st Dept 2020] [the plaintiff tripped and fell on sidewalk]; Grant v Steve Mark, Inc., 96 AD3d 614 [1st Dept 2012] [ladder fell onto the plaintiff]). Defendants' remaining arguments effectively assert comparative negligence by plaintiff, which he was not required to disprove to be entitled to partial summary judgment (see Rodriguez v City of New York, 31 NY3d 312, 317-320 [2018]).
Supreme Court should not, however, have dismissed the affirmative defense of comparative negligence. At summary judgment, issues of credibility may not be resolved, and all reasonable inferences must be drawn in favor of the nonmoving party (see e.g. Morejon v New York City Tr. Auth., 216 AD3d 134, 136 [2d Dept 2023]). Based on the operator's testimony, we find an issue of fact as to plaintiff's comparative negligence (see Acevedo, 216 AD3d at 887), which defendants should be permitted to assert in mitigation of their damages at trial (see Rodriguez, 31 NY3d at 323-324).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023