Marangoudakis v Suniar
2026 NY Slip Op 02976
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nikolaos Marangoudakis, appellant,
v
Ramdass Suniar, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-09409, (Index No. 528110/19)
Lara J. Genovesi, J.P.
Linda Christopher
Lillian Wan
Donna-Marie E. Golia, JJ.

Gjoni Law P.C., New York, NY (Gercian Gjoni of counsel), for appellant.
Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 3, 2024. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court dated March 19, 2021, denying that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence.
ORDERED that the order dated April 3, 2024, is affirmed insofar as appealed from, with costs.
In December 2019, the plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained in a motor vehicle accident. The defendants answered the complaint asserting, inter alia, an affirmative defense alleging comparative negligence.
In November 2020, the plaintiff moved for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence. In an order dated March 19, 2021 (hereinafter the March 2021 order), the Supreme Court denied the motion. The plaintiff appealed, arguing that the motion should have been granted. In a decision and order dated September 21, 2022, this Court modified the March 2021 order so as to grant that branch of the motion which was for summary judgment on the issue of liability and affirmed the denial of that branch of the motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence (see Marangoudakis v Suniar, 208 AD3d 1233, 1233-1234).
In January 2024, after completion of certain party depositions, the plaintiff moved for leave to renew that branch of his prior motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence. The defendants opposed the motion. In an order dated April 3, 2024, the Supreme Court, among other things, upon renewal, adhered to its prior determination denying that branch of the motion. The plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change [*2]in the law that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see C Castle Group Corp. v Herzfeld & Rubin, P.C., 237 AD3d 888, 889; Castillo v 37-25 12th St., LLC, 237 AD3d 889, 891). Here, the plaintiff failed to demonstrate that his deposition testimony and the deposition testimony of the defendant Balraj Suniar would have changed the Supreme Court's prior determination denying that branch of the plaintiff's prior motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence (see C Castle Group Corp. v Herzfeld & Rubin, P.C., 237 AD3d at 889; Acevedo v CKF Produce Corp., 216 AD3d 885, 886-887).
Accordingly, we affirm the order dated April 3, 2024, insofar as appealed from.
GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court