■ Oscar Flores, Respondent, v Viola Stankiewicz et al., Appellants. [827 NYS2d 281]—

In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Kings County (Douglas, J.), dated November 16, 2005, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs to the defendants, and the respective motions for summary judgment dismissing the complaint insofar as asserted against the defendants are granted.

The defendants satisfied their respective burdens on this motion for summary judgment dismissing the complaint by establishing, prima facie, on the basis of the same submissions, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The opinions expressed by the plaintiff's treating neurologist asserted on the basis of the unsworn and unaffirmed reports of other physicians were not properly considered by the court (*see Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.*, 18 AD3d 741 [2005]; *Mahoney v Zerillo*, 6 AD3d 403 [2004]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]). The conclusions reached by the neurologist on the basis of his own

observations and the magnetic resonance imaging report submitted by the plaintiff, which, although uncertified, was properly considered because it was relied upon by the defendants (*see Zarate v McDonald*, 31 AD3d 632 [2006]; *Ayzen v Melendez*, 299 AD2d 381 [2002]), were insufficient to raise a triable issue of fact as to the existence of a serious injury within the meaning of the statute. A bulging or herniated disc is not evidence of serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Kearse v New York City Tr. Auth., supra; Diaz v Turner*, 306 AD2d 241 [2003]). The plaintiff's affidavit was insufficient to satisfy that requirement (*see Yakubov v CG Trans Corp., supra*). The plaintiff also failed to proffer competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Bravo v Rehman*, 28 AD3d 694 [2006]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

The Supreme Court should not have considered the plaintiff's alleged documentary proof as it was submitted in counsel's self-entitled "Supplemental Affirmation in Opposition," which was, in effect, an improper sur-reply (*see* CPLR 2214; *Mu Ying Zhu v Zhi Rong Lin*, 1 AD3d 416 [2003]; *Voytek Tech. v Rapid Access Consulting*, 279 AD2d 470 [2001]). Miller, J.P., Krausman, Spolzino, Fisher and Dillon, JJ., concur.