BEVERLY McMULLIN, Respondent, et al., Plaintiff, v SONJA WALKER et al., Appellants. [892 NYS2d 128]—

In support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Beverly McMullin (hereinafter McMullin), the defendants met their prima facie burden of showing that McMullin did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, McMullin failed to raise a triable issue of fact.

The magnetic resonance imaging (hereinafter the MRI) report of Dr. Steven Brownstein concerning McMullin's lumbar spine, the MRI report of Dr. Dennis Rossi concerning McMullin's cervical spine, the EMG report of Dr. Miguel Vargas, and the medical reports of Dr. Anthony Penepent were all insufficient to raise a triable issue of fact since they were unaffirmed (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Maffei v Santiago,* 63 AD3d 1011 [2009]; *Niles v Lam Pakie Ho,* 61 AD3d 657 [2009]; *Uribe-Zapata v Capallan,* 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]).

The "Final Narrative" medical report of Dr. Jerome L. Greenberg, McMullin's chiropractor, was not in affidavit form and therefore was insufficient to raise a triable issue of fact (*see Kunz v Gleeson,* 9 AD3d 480 [2004]; *Doumanis v Conzo,* 265 AD2d 296 [1999]). In an attempt to cure that defect, McMullin submitted Dr. Greenberg's affidavit, along with the "Final Narrative" report, in a surreply entitled, "Supplemental Affirmation in Opposition." This was improper, and the Supreme Court should not have considered this submission (*see Flores v Stankiewicz,* 35 AD3d 804 [2006]).

The affirmed medical report of Dr. Craig Antell, McMullin's examining orthopedist, also failed to raise a triable issue of fact. While Dr. Antell noted significant limitations in McMullin's cervical spine range of motion based on his recent examination of her on November 5, 2008, neither he nor McMullin proffered competent medical evidence showing the existence of significant limitations in her spine that were contemporaneous with the subject accident (*see Sutton v Yener,* 65 AD3d 625 [2009]; *Jules v Calderon,* 62 AD3d 958 [2009]; *Garcia v Lopez,* 59 AD3d 593 [2009]; *Leeber v Ward,* 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]). The single limitation noted by Dr. Antell concerning McMullin's thoracolumbar spine range of motion on November 5, 2008 was insignificant under the no-fault statute

(*see Trotter v Hart,* 285 AD2d 772 [2001]; *Waldman v Dong Kook Chang,* 175 AD2d 204 [1991]).

McMullin also failed to submit competent medical evidence that the injuries she allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (*see Ponciano v Schaefer,* 59 AD3d 605 [2009]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Indeed, she testified at her deposition that she missed, at most, a week of work as a result of the subject accident. Therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by McMullin. Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.