BRP CONSTRUCTION GROUP, LLC, et al., Respondents, v GREENWICH INSURANCE COMPANY, Appellant, et al., Defendants. [966 NYS2d 98]—

In an action, inter alia, for a judgment declaring that the defendant Greenwich Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Pagan v UDC 114th St., LLC*, commenced in the Supreme Court, Kings County, under index No. 32163/08, the defendant Greenwich Insurance Company appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated September 19,

2011, which denied its motion for summary judgment in its favor on the complaint declaring that it was not obligated to defend and indemnify the plaintiffs in the underlying action and granted the plaintiffs' cross motion for summary judgment declaring that it is so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that defendant Greenwich Insurance Company is obligated to defend and indemnify the plaintiffs in the underlying action.

In opposition to the motion of the defendant Greenwich Insurance Company (hereinafter Greenwich) for summary judgment in its favor on the complaint and in support of the plaintiffs' cross motion for summary judgment declaring that Greenwich was obligated to defend and indemnify them in the underlying action, the plaintiffs established that the notice of cancellation produced by Greenwich did not comply with the terms of the insurance policy requiring that a notice of cancellation be mailed at least 10 days before the effective date of cancellation (see General Elec. Capital Corp. v Volchyok, 2 AD3d 777 [2003]). In opposition to the cross motion, Greenwich failed to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the plaintiffs' cross motion.

Moreover, the Supreme Court properly refused to consider the arguments raised for the first time in Greenwich's unauthorized surreply to the cross motion (see CPLR 2214; McMullin v Walker, 68 AD3d 943 [2009]; Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610 [2009]; Boockvor v Fischer, 56 AD3d 405 [2008]; Graffeo v Paciello, 46 AD3d 613 [2007]; Flores v Stankiewicz, 35 AD3d 804 [2006]).

Since this is a declaratory judgment action, we must remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Greenwich is obligated to defend and indemnify the plaintiffs in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.