■ Yuan Gao et al., Respondents, v City of New York et al., Appellants. [43 NYS3d 493]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Queens County (Lane, J.), entered September 21, 2015, as denied that branch of their motion which was for summary judgment dismissing so much of the complaint as was predicated on an alleged dangerous and defective condition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was predicated on an alleged dangerous and defective condition is granted.

The infant plaintiff allegedly was injured when he fell from the monkey bars at a playground located in a New York City park while he was attending a summer school program at a New York City public school. The infant plaintiff, by his mother, and his mother suing derivatively, commenced this action against the defendants. The first cause of action alleged that the infant plaintiff was negligently supervised. The second cause of action alleged that the defendant New York City Parks Department maintained the monkey bars and the flooring below them in a dangerous and defective condition. The third cause of action asserted a derivative claim on behalf of the infant plaintiff's mother. The defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the negligent supervision cause of action, but denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was predicated on an alleged dangerous and defective condition. The defendants appeal.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was predicated on an alleged dangerous and defective condition. Contrary to the plaintiffs' contention, the defendants' motion was timely (*see* CPLR 2211; *Steisel v Golden Reef Diner*, 67 AD3d 670, 670-671 [2009]). Further, "[a] landowner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition 'in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Salomon v Prainito*, 52 AD3d 803, 804-805 [2008], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Y.H. v Town of Ossining*, 99 AD3d 760, 761 [2012]). Here, the moving papers demonstrated, prima facie, that the monkey bars and the flooring below them were not in a dangerous or defective condition (*see Y.H. v Town of Ossining*, 99 AD3d at 761-762; *Daefler v Briarcliff Manor Union Free School Dist.*, 72 AD3d 872, 873 [2010]; *Padden v County of Suffolk*, 52 AD3d 663, 664 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. The unsworn report of the plaintiffs' expert submitted in opposition to the motion was not in admissible form (*see* CPLR 2106; *Hoffman v Mucci*, 124 AD3d 723, 724 [2015]; *Mazzola v City of New York*, 32 AD3d 906, 907 [2006]), and the expert's affidavit submitted on surreply, swearing to the truth of the unsworn statements in his report, should not have been entertained in determining the motion (*see McMullin v Walker*, 68 AD3d 943, 944 [2009]; *Flores v Stankiewicz*, 35 AD3d 804, 805 [2006]).

As the plaintiffs have not appealed, their contention that the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the negligent supervision cause of action is not properly before this Court (*see Matter of Quintanilla v Morales*, 110 AD3d 1081, 1082 [2013]; *Francis v Foremost Contr. Corp.*, 47 AD3d 672, 674 [2008]). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.