■ Semen Gorokhovskiy, Appellant, v NYU Hospitals Center, Respondent. [54 NYS3d 646]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings

County (Silber, J.), dated April 21, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff, in his capacity as a delivery person for nonparty FDR Services Corporation, allegedly was injured while trying to push a four-wheeled bin of floor mats up a ramp in the loading dock area of NYU Langone Medical Center in Manhattan. The plaintiff commenced this action to recover damages for personal injuries against the defendant, the alleged owner of the premises at the time of the subject accident. The plaintiff alleged, inter alia, that the ramp was improperly sloped—i.e., it was too steep, high, and long, and "unnecessarily exposed [him] to forces greater and longer in duration than what are customary for ramps used for deliveries." The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We reverse.

In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence (*see Kyte v Mid-Hudson Wendico*, 131 AD3d 452, 453 [2015]; *Pampalone v FBE Van Dam, LLC*, 123 AD3d 988 [2014]; *Dhu v New York City Hous. Auth.*, 119 AD3d 728 [2014]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *see also Monastiriotis v Monastiriotis*, 141 AD3d 510 [2016]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; *see Nagin v K.E.M. Enters., Inc.*, 111 AD3d 901 [2013]).

Here, the defendant failed to demonstrate, prima facie, that the subject ramp was compliant with the 2008 New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) §§ BC 1010.2 and 1010.4, and was not a dangerous condition on the date of the subject accident. Furthermore, the defendant failed to demonstrate, prima facie, that it did not have notice of the alleged condition, or that the alleged condition was open and obvious and not inherently dangerous. Since the defendant failed to demonstrate its prima facie entitlement to judgment

as a matter of law, we need not consider the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.