Jaklitsch v Kelly (2019 NY Slip Op 07242)





Jaklitsch v Kelly


2019 NY Slip Op 07242


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00159
 (Index No. 600983/17)

[*1]Jacqueline Jaklitsch, respondent,
v
Kenneth Kelly, et al., appellants.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellants.
Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered December 10, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she fell in the defendants' backyard after her foot became stuck in a gap between the grass and the top step of a staircase. She fell forward, and then rolled down a hill. The plaintiff commenced this action against the defendants, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion, and the defendants appeal.
A landowner has a duty to maintain his or her premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241; Taverez v Pistilli Assoc. III, LLC, 161 AD3d 1129, 1130). " In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence'" (Haxhia v Varanelli, 170 AD3d 679, 681, quoting Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977, quoting Guerrieri v Summa, 193 AD2d 647, 647; see Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966).
Here, the defendants failed to eliminate triable issues of fact as to whether they had actual or constructive notice of a dangerous or defective condition with respect to the staircase (see Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966; Sarbak v Sementilli, 51 AD3d 1001). They failed to establish, prima facie, that their property was compliant with applicable codes and industry standards requiring handrails on staircases and requiring ramps or other safety measures where height differentials exist on walkways. Moreover, the unsworn report of their expert was not in [*2]admissible form (see CPLR 2106; Yuan Gao v City of New York, 145 AD3d 939, 940; Mazzola v City of New York, 32 AD3d 906, 907; Ritts v Teslenko, 276 AD2d 768, 769), and the affirmed copy of the report submitted with their reply papers must be rejected because it sought to remedy basic deficiencies in their original motion papers rather than respond to arguments contained in the plaintiff's opposition (see Damas v Valdes, 84 AD3d 87, 96).
Further, the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause of her fall (see Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794; Pol v Gjonbalaj, 125 AD3d 955, 956). In support of their motion, the defendants submitted a transcript of the plaintiff's deposition, at which she testified that she fell because her foot became stuck in the gap between the grass and the top step of the staircase.
Therefore, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court