Saporito-Elliott v United Skates of Am., Inc. (2020 NY Slip Op 01103)





Saporito-Elliott v United Skates of Am., Inc.


2020 NY Slip Op 01103


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-08568
 (Index No. 60563/13)

[*1]Lori Saporito-Elliott, et al., respondents,
v
United Skates of America, Inc., appellant.


Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Gary E. Dvoskin of counsel), for appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated May 29, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 26, 2013, at approximately 2:30 p.m., the plaintiff Lori Saporito-Elliott (hereinafter the injured plaintiff) allegedly was injured while roller-skating at the defendant's roller-skating rink in Seaford. The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendant. The plaintiffs alleged that a cord or lanyard attached to a "glow light" was negligently left on the skating rink and became entangled in the injured plaintiff's roller skate, causing her to fall. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the injured plaintiff's accident was proximately caused by a collision with her daughter, and not by a cord or lanyard entangled in her roller skate. The Supreme Court denied the motion, and the defendant appeals. We affirm.
A landowner has a duty to maintain his or her premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233; Tavarez v Pistilli Assoc. III, LLC, 161 AD3d 1129, 1130). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Tavarez v Pistilli Assoc. III, LLC, 161 AD3d at 1130; Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966, 967).
We agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint. In general, it is for the trier of fact to determine the issue of proximate cause (see Howard v Poseidon Pools, 72 NY2d 972, 974). The question of proximate cause may be determined by the court as a matter of law only when there is but one conclusion that may be drawn from the facts (see id. at 974; Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889). There may be more than one proximate cause of an accident (see Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889-890). Here, the defendant's submissions, including surveillance video footage of the accident, failed to eliminate triable issues of fact as to whether a [*2]cord or lanyard entangled in the injured plaintiff's roller skate proximately caused her to fall (see id.; Scala v Scala, 31 AD3d 423).
Moreover, the defendant failed to establish, prima facie, that this alleged dangerous condition did not unreasonably increase the risks inherent in the activity of roller-skating (see Freeman v Village of Hempstead, 120 AD3d 1393). Therefore, the defendant is not entitled to summary judgment based on the doctrine of assumption of risk (see generally Morgan v State of New York, 90 NY2d 471).
The defendant also failed to eliminate triable issues of fact as to whether it created or had actual or constructive notice of the alleged dangerous condition (see Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d at 967; Barretta v Glen Cove Prop., LLC, 148 AD3d 1100; Carlucci v Village of Scarsdale, 104 AD3d 797; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). The defendant's submissions included a transcript of the deposition testimony of the injured plaintiff, who testified that the defendant's employees pushed carts with items for sale onto the skating rink and the items for sale included "glow necklaces." The defendant also submitted a transcript of the deposition testimony of the injured plaintiff's husband, who testified that he observed items falling from the carts onto the skating rink. Further, the defendant did not proffer any evidence demonstrating when its employees last cleaned or inspected the area where the accident occurred. The defendant's employees testified only regarding the defendant's general cleaning and inspection practices, which is "insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948 [internal quotation marks omitted]; see Quinones v Starret City, Inc., 163 AD3d 1020, 1022).
Since the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court