Zamora v David Caccavo, LLC (2021 NY Slip Op 00330)





Zamora v David Caccavo, LLC


2021 NY Slip Op 00330


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-10272
 (Index No. 701636/15)

[*1]Sonia Merchan Zamora, plaintiff-respondent,
v
David Caccavo, LLC, appellant, City of New York, defendant, New York City Transit Authority, defendant-respondent; E & Z Food Corp., etc., nonparty.


Paganini, Cioci, Pinter, Cusumano & Farole (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh], of counsel), for appellant.
William Pager, Brooklyn, NY, for plaintiff-respondent.
Farber Brocks & Zane, LLP, Garden City, NY (Tracy L. Frankel of counsel), for nonparty E & Z Food Corp.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant David Caccavo, LLC, appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated July 11, 2018. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendant David Caccavo, LLC.
The background facts are set forth in this Court's decision and order on related appeals (see Zamora v David Caccavo, LLC, _____ AD3d _____ [Appellate Division Docket Nos. 2018-05811, 2018-09668; decided herewith]).
The plaintiff commenced actions to recover damages for personal injuries against, among others, the defendant David Caccavo, LLC (hereinafter Caccavo), E & Z Food Corp. (hereinafter E & Z), and the defendant New York City Transit Authority (hereinafter the NYCTA), which were later consolidated into the present action. The NYCTA and E & Z each asserted cross claims against Caccavo. In an order entered May 1, 2018, the Supreme Court granted E & Z's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and, in a judgment entered June 6, 2018, the complaint and all cross claims insofar as asserted against E & Z were dismissed.
Thereafter, Caccavo moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated July 11, 2018, the Supreme Court denied that branch of the motion, and Caccavo appeals.
Administrative Code of the City of New York § 7-210 imposes liability on the owners of real property to maintain an abutting sidewalk in a reasonably safe condition, and maintaining the sidewalk in a reasonably safe condition includes removing snow and ice from the sidewalk (see Administrative Code § 7-210[a], [b]). This non-delegable duty to remove snow and ice from the sidewalk extends to out-of-possession landowners, and while out-of-possession landowners may shift the work of maintaining the sidewalk to another, they "cannot shift the duty, nor exposure and liability for injuries caused by negligent maintenance, imposed under [Administrative Code § ] 7-210" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 174). Here, Caccavo had a statutory duty to the plaintiff to maintain the sidewalk in a reasonably safe condition free of snow and ice because it was the owner of real property abutting the sidewalk (see Administrative Code § 7-210[a], [b]). However, property owners are not strictly liable for all personal injuries that occur on the abutting sidewalks because the statute "adopts a duty and standard of care that accords with traditional tort principles of negligence and causation" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d at 171).
On a motion for summary judgment involving a slip-and-fall on snow and/or ice, the moving defendant has the burden of establishing, prima facie, "that it neither created the alleged ice condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Soloveychik v Sea Isle Owners, Inc., 160 AD3d 782, 783). Caccavo, as owner of the subject property abutting the sidewalk where the plaintiff allegedly slipped and fell, failed to establish, prima facie, that it lacked constructive notice of the alleged ice condition. "To meet its burden on the issue of lack of constructive notice, a defendant is required to offer evidence as to when the accident site was last cleaned or inspected prior to the accident" (Butts v SJF, LLC, 171 AD3d 688, 689). Mere reference to general cleaning and inspection practices is insufficient to establish a lack of constructive notice (see Saporito-Elliott v United Skates of Am., Inc., 180 AD3d 830, 832; Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948).
Here, the evidence submitted by Caccavo merely references the general cleaning and inspection practices of both Caccavo and E & Z, its lessee, with regard to the snow and ice removal of the sidewalk, and fails to specifically state when either party last cleaned or inspected the sidewalk relative to when the plaintiff allegedly slipped and fell (see Saporito-Elliott v United Skates of Am., Inc., 180 AD3d at 832; Branciforte v 2248 Thirty First St., LLC, 171 AD3d 1003, 1005). Accordingly, we agree with the Supreme Court's determination denying that branch of Caccavo's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (see Soloveychik v Sea Isle Owners, Inc., 160 AD3d at 783).
E & Z's contention concerning the denial of that branch of Caccavo's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is not properly before this Court, as E & Z did not oppose that branch of Caccavo's motion before the Supreme Court.
Caccavo's remaining contention is without merit.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court