Moreno v Stagg, Terenzi, Confusione & Wabnik, LLP (2021 NY Slip Op 00554)





Moreno v Stagg, Terenzi, Confusione & Wabnik, LLP


2021 NY Slip Op 00554


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-11094 
2019-11095
 (Index No. 610230/15)

[*1]Michael Moreno, appellant, 
v
Stagg, Terenzi, Confusione & Wabnik, LLP, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Tromello & Fishman, Melville, NY (Kevin P. Slattery of counsel), for respondent Stagg, Terenzi, Confusione & Wabnik, LLP.
Cariello Law Firm, Uniondale, NY (Denise A. Cariello of counsel), for respondent EB Franklin Avenue Realty, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 4, 2019, and (2) an order of the same court dated July 30, 2019. The order dated April 4, 2019, insofar as appealed from, granted that branch of the motion of the defendant Stagg, Terenzi, Confusione & Wabnik, LLP, which was for summary judgment dismissing the complaint insofar as asserted against it. The order dated July 30, 2019, insofar as appealed from, granted that branch of the motion of the defendant EB Franklin Avenue Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On October 12, 2012, the plaintiff, a truck driver employed by nonparty Newport Business Solutions, was delivering a copy machine to the defendant Stagg, Terenzi, Confusione & Wabnik, LLP (hereinafter Stagg), a tenant in a building owned by the defendant EB Franklin Avenue Realty, LLC (hereinafter EB Franklin), in Garden City. The plaintiff testified at his deposition that he backed his delivery truck into the building's loading dock in order to deliver the copy machine, which weighed approximately 500 to 600 pounds. According to the plaintiff, he was injured while attempting to lift the copy machine over a gap between the back of his delivery truck and the loading dock platform.
In September 2015, the plaintiff commenced this action to recover damages for personal injuries against EB Franklin and Stagg. After the completion of discovery, Stagg moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and EB Franklin separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated April 4, 2019, the Supreme Court, inter alia, granted that branch [*2]of Stagg's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In an order dated July 30, 2019, the court, inter alia, granted that branch of EB Franklin's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals from the orders dated April 4, 2019, and July 30, 2019.
The Supreme Court properly granted that branch of EB Franklin's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In support of its motion, EB Franklin submitted evidence establishing, prima facie, that the loading dock itself did not present any unsafe or dangerous condition (compare Coletti v Chemical Bank, 258 AD2d 431, 432, with Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966, 967), and that EB Franklin did not have actual or constructive notice of any allegedly dangerous condition elsewhere on its property that would have prevented the plaintiff from properly positioning his truck in the loading dock (see Gordon v American Museum of Natural History, 67 NY2d 836). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
The Supreme Court also properly granted that branch of Stagg's motion which was for summary judgment dismissing the complaint insofar as asserted against it (see Kubicsko v Westchester Cty. Elec., Inc., 116 AD3d 737, 738-739). In opposition to Stagg's prima facie showing of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562).
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court