Matter of Red Hook 160, LLC v Borough Constr. Group, LLC (2022 NY Slip Op 02267)

Matter of Red Hook 160, LLC v Borough Constr. Group, LLC

2022 NY Slip Op 02267

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2019-05796
 (Index No. 524909/18)

[*1]In the Matter of Red Hook 160, LLC, appellant,
v
Borough Construction Group, LLC, respondent.

Smith, Gambrell & Russell, LLP, New York, NY (Michael R. Glanzman, James Lotito, and Daniel Q. Horner of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Robert A. Spolzino, Christoper A. Gorman, and Michael P. Hartman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Lien Law § 38 to compel the respondent to provide a revised itemized statement relating to a mechanic's lien, the petitioner appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 19, 2019. The order, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, the petition is granted, and the respondent is directed to provide a revised itemized statement pursuant to Lien Law § 38.
In or about September and October 2016, the petitioner entered into certain agreements with the respondent for the renovation and construction of a six-story building located in Brooklyn (hereinafter the subject property). On or about November 20, 2018, the respondent filed a notice of mechanic's lien against the subject property in the amount of $2,542,806.20. On November 21, 2018, the petitioner served a demand for an itemized statement setting forth the items of labor and/or materials and the value thereof making up the amount for which the respondent claimed a mechanic's lien against the subject property. On November 30, 2018, the respondent served a response to the petitioner's demand for an itemized statement, stating that it was owed $2,542,806.20.
On December 11, 2018, the petitioner commenced this proceeding pursuant to Lien Law § 38 to compel the respondent to provide a revised verified itemized statement of its mechanic's lien. In opposition, the respondent submitted numerous documents purportedly setting forth the items of labor and/or materials and the value thereof which made up its lien. On February 27, 2019, oral argument on the petition took place before the Supreme Court, and the matter was fully submitted. On March 6, 2019, the respondent submitted a letter to the court, requesting that the court consider certain exhibits annexed to its letter in its determination of the petition.
By order dated March 19, 2019, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
The Supreme Court should not have considered the exhibits submitted by the respondent in its March 6, 2019 letter, which was, in effect, an improper surreply (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985; McMullin v Walker, 68 AD3d 943, 944; Flores v Stankiewicz, 35 AD3d 804, 805).
Lien Law § 38 provides, in relevant part, that "[a] lienor who has filed a notice of lien shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which he [or she] claims a lien, and which shall also set forth the terms of the contract under which such items were furnished." The documents provided by the respondent in opposition to the petition failed to comply with the requirements of Lien Law § 38. The documents, among other things, failed to sufficiently set forth "'the items and cost of labor, or the items and cost of materials'" (Matter of Plain Ave. Stor., LLC v BRT Mgt., LLC, 165 AD3d 1264, 1266, quoting Matter of DePalo v McNamara, 139 AD2d 646, 647; see Matter of 819 Sixth Ave. Corp. v T. & A. Assoc., 24 AD2d 446). Accordingly, the Supreme Court should have granted the petition and directed the respondent to provide a revised itemized statement pursuant to Lien Law § 38.
In light of our determination, we need not address the petitioner's remaining contention.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court