Hegeman v City of Newburgh (2022 NY Slip Op 04792)

Hegeman v City of Newburgh

2022 NY Slip Op 04792

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2021-01534
 (Index No. 2518/19)

[*1]Michael Hegeman, appellant,
v
City of Newburgh, respondent.

Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston, NY (John G. Rusk of counsel), for appellant.
Hodges Walsh & Burke, LLP, White Plains, NY (Paul E. Svensson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated February 5, 2021. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff alleges that on June 17, 2018, at approximately 11:45 a.m., he arrived at a soccer field in a public park owned by the defendant. The plaintiff's son's soccer team was scheduled to play a game on that field. After he arrived, the plaintiff went over to an area with bleachers and saw broken glass bottles all over the ground in that area. He became concerned, because his son and his son's teammates would be in that area, so he and some other parents and coaches started picking up the broken glass. While picking up the broken glass, the plaintiff took a step backwards. When his foot came down, it came down upon a large piece of a broken glass bottle, which pierced his shoe and cut into his foot.
The plaintiff then commenced the instant personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that it did not create the allegedly dangerous condition that caused the plaintiff's injuries, or have actual or constructive notice of that condition. In support of that argument, the defendant submitted an affidavit from a groundskeeper who worked at the park on the day of the accident, who was responsible for inspecting and cleaning the area where the accident occurred. In opposition, the plaintiff argued that the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law, and that, in any event, his evidentiary submissions in opposition to the motion raised a triable issue of fact.
In an order dated February 5, 2021, the Supreme Court, inter alia, granted the defendant's motion, concluding that the defendant was entitled to summary judgment dismissing the complaint because the defendant established, prima facie, that it did not create or have actual or [*2]constructive notice of the subject condition, and in opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff appeals.
A defendant is deemed to have constructive notice of a dangerous condition on its property when the condition is visible and apparent, and existed for a sufficient length of time prior to the accident to permit the defendant's employees to discover the condition and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837). When a defendant landowner moves for summary judgment dismissing the complaint, to meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time of the accident (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). Mere reference to the defendant's "general daily cleaning practices" will not suffice (Birnbaum v New York Racing Assn., Inc., 57 AD3d at 599). Here, the affidavit of the defendant's groundskeeper, who, among other things, described his general daily cleaning practices, failed to establish, prima facie, that the defendant lacked constructive notice of the subject condition (see Pinto v Walt Whitman Mall, LLC, 175 AD3d 541, 545).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court