Morlan v Atlantic Westerly Co. (2023 NY Slip Op 01288)

Morlan v Atlantic Westerly Co.

2023 NY Slip Op 01288

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2020-07634
 (Index No. 612346/18)

[*1]Alex Morlan, respondent, 
v
Atlantic Westerly Co., et al., defendants, Westerly Health Foods, Inc., etc., appellant (and a third-party action).

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Bhalinder L. Rikhye of counsel), for appellant.
Levidow, Levidow & Oberman, P.C. (Diamond & Diamond, LLC, Brooklyn, NY [Stuart Diamond], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Westerly Health Foods, Inc., appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered September 3, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2018, the plaintiff allegedly was injured when he slipped and fell on a patch of ice while walking on the sidewalk abutting 911 8th Avenue in Manhattan. The portion of the sidewalk where the plaintiff allegedly slipped abutted the Westerly Natural Food Market, a grocery store operated by the defendant Westerly Health Foods, Inc. (hereinafter Westerly). That portion of the sidewalk was partially covered by a sidewalk bridge, also referred to as scaffolding, which was held up by long metal poles, under which were blocks of wood.
As a result of the accident, the plaintiff commenced this action against, among others, Westerly to recover damages for personal injuries, alleging a cause of action sounding in negligence. The plaintiff alleged that Westerly was negligent in, among other things, failing to properly maintain the area where the accident occurred.
Westerly moved for summary judgment dismissing the complaint and all cross- claims insofar as asserted against it. By order entered September 3, 2020, the Supreme Court, inter alia, denied Westerly's motion. Westerly appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241). A "defendant property owner, or a party in possession [*2]or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (San Antonio v 340 Ridge Tenants Corp., 204 AD3d 713, 715 [internal quotation marks omitted]; see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764).
A defendant is deemed to have constructive notice of a dangerous condition on its property when the condition is visible and apparent, and existed for a sufficient length of time prior to the accident to permit the defendant's employees to discover the condition and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Hegeman v City of Newburgh, 208 AD3d 461, 462). To establish the lack of constructive notice, a defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time of the accident (see Hegeman v City of Newburgh, 208 AD3d at 462; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). "Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (Rong Wen Wu v Arniotes, 149 AD3d 786, 787; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684; cf. Armijos v Vrettos Realty Corp., 106 AD3d 847, 847).
Here, in support of its motion, Westerly submitted, among other things, a transcript of the deposition testimony of a shift manager for Westerly who was on duty on the date of the accident. The shift manager testified that, generally, Westerly's maintenance staff was responsible for, among other things, removing snow and ice from the sidewalk outside the store. The shift manager further testified that, generally, the maintenance staff would inspect the sidewalk in the morning, but there was no specific time at which the maintenance staff would perform their inspection. Since Westerly only submitted evidence of its general inspection and cleaning practices and failed to provide any evidence as to when the subject area of the sidewalk was last cleaned or inspected, Westerly failed to establish, prima facie, that it lacked constructive notice of the alleged ice condition (see Hegeman v City of Newburgh, 208 AD3d at 462; Pinto v Walt Whitman Mall, LLC, 175 AD3d 541, 545; Ahmetaj v Mountainview Condominium, 171 AD3d at 684).
"In general, it is for the trier of fact to determine the issue of proximate cause" (Saporito-Elliott v United Skates of Am., Inc., 180 AD3d 830, 831; see Kirby v Lett, 208 AD3d 1174, 1175; Elusma v Jackson, 186 AD3d 1326, 1328). However, "[t]he question of proximate cause may be determined by the court as a matter of law only when there is but one conclusion that may be drawn from the facts" (Saporito-Elliott v United Skates of Am., Inc., 180 AD3d at 831). "Additionally, there may be more than one proximate cause of an accident" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889). Here, Westerly's submissions, including the video surveillance footage of the accident, failed to eliminate triable issues of fact as to the proximate cause of the plaintiff's accident, including whether the accident occurred solely as a result of the plaintiff's right foot coming into contact with a pole or a block of wood associated with the sidewalk bridge, or as a result of the plaintiff slipping on an ice patch on the sidewalk (see Saporito-Elliott v United Skates of Am., Inc., 180 AD3d at 831-832; Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889-890).
Accordingly, the Supreme Court properly denied that branch of Westerly's motion which was for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court