Bestani v Northwell Health, Inc. (2025 NY Slip Op 00416)

Bestani v Northwell Health, Inc.

2025 NY Slip Op 00416

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-05077
 (Index No. 6989/19)

[*1]Michael Bestani, respondent, 
v
Northwell Health, Inc., et al., appellants, et al., defendant.

Amabile & Erman, P.C., White Plains, NY (Nicole Callahan of counsel), for appellants.
Finkelstein & Partners, LLP, Newburgh, NY (James W. Shuttleworth III of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Northwell Health, Inc., and Forest Hills Hospital appeal from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated December 30, 2022. The order denied the motion of the defendants Northwell Health, Inc., and Forest Hills Hospital for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants Northwell Health, Inc., and Forest Hills Hospital (hereinafter together the defendants), and another defendant, alleging that on August 21, 2018, as he was exiting his truck in the loading dock of the defendants' premises, he tripped and fell on broken and uneven concrete near the door of his truck. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated December 30, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). A "defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (San Antonio v 340 Ridge Tenants Corp., 204 AD3d 713, 715 [internal quotation marks omitted]; see Morlan v Atlantic Westerly Co., 214 AD3d 787, 788). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Carey v Walt Whitman Mall, LLC, 215 AD3d 623, 625). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer evidence as to when the area in question was last [ ] inspected relative to the time when the plaintiff fell" (Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 938; see Jeremias v Lake Forest Estates, 147 AD3d 742, 743).
Here, the defendants failed to establish, prima facie, that they maintained the loading dock in a reasonably safe condition (see Johnson v 1451 Assoc., L.P., 225 AD3d 752, 754; Kastin v Ohr Moshe Torah Inst., Inc., 170 AD3d 697, 699). Although the defendants' expert concluded that the loading dock did not violate any applicable codes or regulations, "[t]he absence of a violation of a specific code or ordinance is not dispositive of the plaintiff's allegations based on common-law negligence principles" (Martell v Dorchester Apt. Corp., 208 AD3d 1183, 1185). Photographs taken the same day as the accident showed broken and uneven concrete where the accident occurred, and the defendants' safety director testified at his deposition that this broken and uneven concrete was a safety concern.
The defendants' submissions, including the deposition testimony of the defendants' safety director, were insufficient to establish, prima facie, that they did not have constructive notice of the alleged dangerous condition. The defendants' safety director merely testified as to general inspection practices and failed to reference any specific inspection of the accident site relative to the time when the accident occurred (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 959; Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642). Moreover, photographs accurately representing the loading dock as it existed on the date of the accident demonstrated triable issues of fact as to whether the condition had existed for a sufficient length of time such that the defendants had constructive notice of it (see Cabanas v Qiu Yu Zou, 215 AD3d 726, 728; Pitt v New York City Tr. Auth., 146 AD3d 826, 829).
"The question of proximate cause may be determined by the court as a matter of law only when there is but one conclusion that may be drawn from the facts" (Saporito-Elliott v United Skates of Am., Inc., 180 AD3d 830, 831). "Additionally, there may be more than one proximate cause of an accident" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889). Here, the defendants' submissions, including surveillance video footage of the accident, failed to eliminate triable issues of fact as to whether the broken and uneven concrete proximately caused the plaintiff's accident (see Morlan v Atlantic Westerly Co., 214 AD3d at 789; Saporito-Elliott v United Skates of Am., Inc., 180 AD3d at 831-832).
Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court